UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
YORAM FINKELSTEIN,                    :     05 Civ. 392 (RJH)
:
                Plaintiff,     :
:     **MEMORANDUM**
    - against -                  :     **OPINION AND ORDER**
:
JOSEPH MARDKHA, et al.,               :
:
                Defendants.    :
:
------------------------------------------------------------x

      Plaintiff Yoram Finkelstein moves for reconsideration of the Court's Memorandum Opinion and Order ("Opinion") dated July 10, 2007, in which the Court granted defendants' motion for summary judgment dismissing plaintiff's claims of patent co-inventorship. *Finkelstein v. Mardkha*, 495 F. Supp. 2d 329 (S.D.N.Y. 2007). Plaintiff argues that the Court (1) overlooked the fact that his extensive research and experimentation on the diamond specifics contributed to its conception; (2) erred in finding as a matter of law that plaintiff exercised only ordinary skill in formulating the specifics of the diamond; (3) erroneously dismissed plaintiff's inventorship claim regarding the brilliant tier. For the reasons that follow, the Court denies plaintiff's motion for reconsideration.

      Reconsideration of a court's previous order "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *USA Certified Merchs. LLC v. Koebel*, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003). "[T]o be entitled to reargument and reconsideration, the movant must demonstrate

that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion. . . . [A] party may not 'advance new facts, issues or arguments not previously presented to the Court.'" *Hamilton v. Garlock, Inc.*, 115 F. Supp. 2d 437, 438–39 (S.D.N.Y. 2000) (citing *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). Furthermore, a motion for reconsideration "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). "The decision to grant or deny a motion such as the one before the Court is within the sound discretion of the Court." *Davey v. Dolan*, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007).

First, plaintiff argues that the Court "overlook[ed] the fact that [his] extensive research and experimentation on the specifics [of the diamond] contributed to [its] conception." (Pls. Mem. at 2.) As an initial matter, the Court did not overlook plaintiff's claim that he "spent hundreds of hours working alongside a diamond cutter developing and refining the particulars of the diamond . . . until it looked right." *Finkelstein*, 495 F. Supp. 2d at 334. Plaintiff appears instead to be arguing that the Court "overlooked" case law holding that regardless of whether only ordinary skill in the art is used, it can be sufficient to render a contributor a co-inventor where it is extensive enough. While plaintiff may use the word "overlook," he cites no new case law and merely challenges the Court's interpretation of the cases it cited. Even were this an appropriate grounds to move for reconsideration, the Court does not find that the case law supports plaintiff's reading.

The case law holds that conception will not yet be complete where extensive research and experimentation is still required to reduce an invention to practice. *See id.* at 337 ("Conception is complete when 'only ordinary skill would be necessary to reduce the invention to practice, without extensive research or experimentation.' *Burroughs Wellcome Co. v. Barr Labs., Inc.,* 40 F.3d 1223, 1228 (Fed. Cir. 1994)."). While research and experimentation, especially if extensive, may be sufficient to render one a co-inventor, exercising ordinary skill in the art, *even if extensive*, is not. *See id.* at 338 ("[E]xercising ordinary skill in the art to reduce an idea to practice [does not] make one a co-inventor." (quoting *Sewall v. Walters,* 21 F.3d 411, 416 (Fed. Cir. 1994))). The proper inquiry concerns the quality, not the quantity, of the contribution. Plaintiff's contribution did not amount to "research or experimentation" to reduce the invention to practice, but rather the exercise of ordinary skill in the art to achieve the desired visual appearance. Therefore, plaintiff may not assert co-inventorship merely because his work on the diamond was "extensive" and the Court rejects this basis for the motion for reconsideration.

Second, plaintiff argues that the Court erred in finding as a matter of law that plaintiff exercised no more than ordinary skill in the art while developing a prototype of the diamond. Plaintiff points to no factual matters or case law that the Court overlooked, but instead argues that the Court misinterpreted the meaning of the evidence presented. The Court found that conception was already complete when the idea of a brilliant crown, a brilliant tier, and a step cut pavilion was conceived and that plaintiff used only ordinary skill in the art to develop a visually appealing working prototype. It relied on testimony from multiple witnesses "that it only requires ordinary skill in the art to choose facet

3

angles and alignments once the arrangement of facets . . . is dictated; that is, any skilled diamond cutter could have cut the stone at the direction of another, although the results would vary." *Id.* at 341.

Plaintiff would have the Court interpret this testimony as merely acknowledging the possibility that someone other than plaintiff could hypothetically have dictated the specific angles used in the prototype. Even if this were a proper grounds for a motion for reconsideration, the Court rejects plaintiff's interpretation. The witnesses were not discussing whether Mardkha could have told plaintiff how to cut each specific angle (indeed, plaintiff vigorously disputed this point in his briefing), but rather whether any skilled diamond cutter could create a diamond if given a particular arrangement of facets. The uncontradicted answer to this question was that he or she could, even if the visual appearance might vary. Again, the Court is not "belittl[ing] the effort that would be required to take a general configuration of facets and create a visually striking diamond," nor suggesting that plaintiff did no more than routine cutting. *Id.* The Court continues to believe, however, that plaintiff's contributions after the general configuration of facets was determined amounted to exercising ordinary skill in the art and were insufficient to render him a co-inventor. Therefore, the Court rejects plaintiff's motion for reconsideration based on his contributions to the specifics of the diamond.

Third, plaintiff argues that the Court imposed an unreasonable evidentiary burden on him to corroborate his contribution to the brilliant tier. Under the correct evidentiary standard, plaintiff contends, the Court should have allowed a jury to decide whether he contributed to the conception of the brilliant tier. Plaintiff fails to identify any factual matters or case law that the Court overlooked. The Court discussed all the evidence cited

4

by plaintiff in his motion: the deposition testimony of Mardkha and plaintiff, contemporaneous notes and drawings, and testimony by the principal diamond cutter. The Court correctly described the evidentiary burden for co-inventorship. *See id.* at 337 ("[T]he claimed inventor must meet a heavy burden of proving his case by clear and convincing evidence. To satisfy this standard, the claimed inventor must provide evidence corroborating his testimony concerning conception of the invention." (citations omitted)). The Court then concluded that no reasonable juror could find that plaintiff has presented clear and convincing evidence corroborating his testimony of co-inventorship.

Even were plaintiff allowed to directly challenge this conclusion on a motion for reconsideration, the Court does not find any of his arguments convincing. First, plaintiff suggests that the Court placed undue weight on plaintiff's failure to suggest at his deposition that he contributed to the brilliant tier in light of the facts that he is not a lawyer, he was not specifically asked whether he conceived of the brilliant tier, and his principal language is not English. After stressing his expertise in diamonds, it is at best disingenuous for plaintiff to claim he must be a lawyer to understand the novel elements of the diamond design to which he contributed. An inventor may reasonably be expected to be able to describe his contributions to an invention without prompting. As to language, which was not even raised in plaintiff's underlying briefs, plaintiff spent ten years in the United States, including one year of college, and never requested a translator at his deposition. In any event, the Opinion actually accepted the statement in plaintiff's declaration that plaintiff conceived of the brilliant tier, but dismissed his co-inventorship claim because the statement was unsupported by any corroborating evidence, let alone clear and convincing corroborating evidence. *Id.* at 342.

5

Second, plaintiff argues that the Court imposed an unrealistic evidentiary burden by requiring him to prove a negative—that Mardkha did not tell him to use a brilliant tier. To support this assertion, plaintiff points to the Court's reference in the Opinion to Mardkha's testimony stating that the brilliant tier was his idea, and the Court's discounting of the principal cutter's testimony as corroborating evidence because the cutter could not say whether Mardkha instructed plaintiff to use a brilliant tier. Plaintiff suggests that only an "around-the-clock attendant" could provide the evidence demanded by the Court. Plaintiff misreads the Opinion. The Court did not require him to disprove Mardkha's statement that he conceived of the brilliant tier; rather, it properly required some evidence corroborating plaintiff's claim of conception and discounted evidence that did not indicate one way or another who conceived of the idea. It is not difficult to imagine an example of the type of evidence that would have satisfied plaintiff's burden, for example, an e-mail from plaintiff stating that he had devised a way to reach the desired aesthetic by using a brilliant tier or a sketch by plaintiff of the diamond displaying the brilliant tier and faxed to Mardkha with plaintiff's suggestion that this might be what they were looking for. Instead, the only evidence presented to the Court were two documents showing that the brilliant tier was conceived after the development process was underway, a point not disputed by Mardkha, and testimony by the cutter stating that plaintiff told him to use a brilliant tier. However, because plaintiff was the only person in communication with the cutter and the only person who could have told the cutter to use a brilliant tier, this fact gives rise to no inference, one way or the other, as to who conceived of the idea. As the Court found in its Opinion, the evidence

proffered by plaintiff provides no corroboration of plaintiff's conception of the brilliant tier.

Finally, plaintiff refers the Court to *Ethicon, Inc. v. U.S. Surgical Corp.*, 937 F. Supp. 1015 (D. Conn. 1996), arguing that this case rejects legal propositions adopted by the Court and compels the conclusion that the evidence presented by plaintiff was adequate to reach the jury. The Court finds that the legal standards used in *Ethicon* were identical to those used in this Court's Opinion. Moreover, the Court finds the factual matters in *Ethicon* to be clearly distinguishable, thus warranting the different result in that case. In *Ethicon*, the named inventor, whose invention used complex circuitry in a medical device, did not understand even basic terminology relating to electronics and was incapable of drawing rudimentary circuits. *Id.* at 1020. The claimed co-inventor, on the other hand, had considerable experience in electronics, had worked with the named inventor before on new inventions, and had made detailed, signed drawings of the invented electronic device. *Id.* at 1020, 1021-22, 1023 & n.10. In contrast, Mardkha had significant experience in the colored gemstone industry, was familiar with the types of facets at issue, and gave plausible testimony that he had conceived of the brilliant tier. Plaintiff did not proffer signed drawings of a diamond with a brilliant tier to support his claim of co-inventorship, but merely contemporaneous notes referring to the first use of triangular facets in the first tier. These notes memorialize the first use of a brilliant tier; they are not, as in *Ethicon*, part of the inventive process, and do not corroborate plaintiff's claims. Thus, to the extent the Court even "overlooked" the district court opinion in *Ethicon* (it cited numerous times to the appellate decision in that case), it does not compel a different result. Therefore, the Court rejects the motion to reconsider on the

basis that the Court used an improper evidentiary standard in evaluating co-inventorship or that plaintiff's proffered evidence of conception of the brilliant tier was sufficient to reach the jury.

Plaintiff requests that even if the Court denies his motion for reconsideration, it hold in abeyance its decision on defendants' motion for summary judgment pending the conclusion of a trial on all issues. Plaintiff reasons that because a trial on its co-inventorship claim "will require virtually the same witnesses and evidence" as a trial on the surviving unjust enrichment claim, the reversal of the Court's decision on appeal "will necessitate a second trial nearly identical to the first" and therefore waste judicial resources. Plaintiff is incorrect that the trials would be identical. A trial on unjust enrichment will only require evidence as to how much work plaintiff performed, what he was paid, and what benefits were gained by Mardkha as a result. It would not require, *inter alia*, testimony as to the nature of diamond cutting, the patenting of diamonds, the exact scope of work plaintiff performed in relation to Mardkha's contributions, the relationship between plaintiff and Mardkha, or the proper understanding of the patents. Therefore, limiting the trial to a claim of unjust enrichment will indeed simplify the issues to be tried.

Moreover, the two cases cited by plaintiff provide no support for his request. In *Ethicon, Inc. v. U.S. Surgical Corp.*, the court deferred to trial the purely legal question of whether 35 U.S.C. § 256 permits correction of a patent to add a co-inventor when the named inventor acted with deceptive intent. 921 F. Supp. 901, 904–905 (D. Conn. 1995). The court deferred this question because of the possibility that trial might establish that there was no deceptive intent or that correction was unnecessary, thus mooting the issue.

*Id.* at 905. In *Mechanical Plastics Corp. v. Rawlings Co.*, the court held in abeyance a motion to declare a patent invalid based on the existence of a claimed co-inventor, or, alternatively, to add the claimed co-inventor's name to the patent until the conclusion of a bench trial strictly limited to the dispositive issue of inequitable conduct; the court did not permit the issue of co-inventorship to go to trial in addition to the issue of inequitable conduct, noting that inequitable conduct was an issue *distinct* from that of co-inventorship. No. 87 Civ. 7862 (WK), 1989 U.S. Dist. LEXIS 14534, at *1, *11–*12 (S.D.N.Y. Dec. 7, 1989). Therefore, the Court rejects plaintiff's request to hold its ruling on defendants' motion for summary judgment in abeyance pending conclusion of trial.

For the foregoing reasons, plaintiff's motions for reconsideration [52] is DENIED.

SO ORDERED.

Dated: New York, New York
      October 15, 2007

Richard J. Holwell
United States District Judge